Citation Nr: 1706050 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 08-11 279 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for degenerative disc disease of the lumbar spine.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and K.T. 


ATTORNEY FOR THE BOARD

P. M. Johnson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1966 to February 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2005 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

In December 2008, the Veteran testified at a hearing before a Veterans Law Judge. A transcript of the hearing is associated with the claims file. 

In October 2009 and March 2011, the Board remanded the case for additional development. 

In November 2013, the Board denied service connection for degenerative disc disease of the lumbar spine. This decision was appealed to the United States Court of Appeals for Veterans Claims (Court). In a March 2015 Memorandum Decision, the Court vacated the November 2013 Board decision and remanded the claim to the Board for further development. 

In September 2015 and June 2016, the case was remanded by the Board for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

With great regret, the Board finds that the Veteran's claim must again be remanded to ensure compliance with VA's duty to assist. 38 U.S.C.A. §§ 5107(a), 5103A; 38 C.F.R. § 3.159(c). 

In the March 2015 Memorandum Decision, the Court determined that additional development under the duty to assist is needed. Specifically, VA was required to attempt to obtain records from the Monsanto Chemical Company that pertained to a 'private disability claim' filed on behalf of the Veteran. 38 U.S.C. § 5103A (b)(1); 38 C.F.R. § 3.159 (c)(1) (2015) (VA will make reasonable efforts to obtain relevant records not in the custody of a Federal department or agency, to include . . . private medical care providers, [and] current or former employers).

In the September 2015 remand, the AOJ was directed to contact the Veteran for authorization to obtain any relevant records from the Monsanto Chemical Company and to invite the Veteran to submit any records in his possession related to his disability claim against Monsanto Chemical Company, as well as, any other pertinent evidence. The Veteran was sent a letter in November 2015 that complied with these instructions. The Board notes that in April 2011 the Veteran stated he was provided private disability retirement benefits from Monsanto Chemical Company in 1986. 

In December 2015, authorizations were received from the Veteran to obtain records from Monsanto Chemical Company and "Solutia." In January 2016, a response from Monsanto Chemical Company stated that no records were found, but that the veteran "may have files with Solutia. Please contact them." Unfortunately, a request to obtain records from Solutia was rejected by the VA Private Medical Retrieval Center in December 2015 and no further attempts to retrieve records from Solutia were made. 

In June 2016, the Board remanded the Veteran's claim to "undertake appropriate efforts, to obtain any and all records from Solutia, Inc., or any appropriately identified entity that otherwise holds the medical records related to the Veteran's private disability claim with Monsanto Chemical Company." The record indicates that the Veteran submitted an updated authorization in August 2016 and that records were sought from Monsanto and Blue Cross Blue Shield; however, the record does not indicate that a request for records was sent directly to Solutia, Inc. Further, while the Veteran submitted letters in August 2016 from Blue Cross Blue Shield and CGS Administrators, LLC these letters pertain to records for periods on or after 1997. As the evidence does not indicate that reasonable attempts have been made to obtain record from the Veteran's 1986 disability claim from Solutia, Inc., the Board finds that additional efforts should be made to attempt to associate records from the Veteran's disability claim with the claims file.

Accordingly, the case is REMANDED for the following action:

1. Undertake any appropriate development to request any available records related to the Veteran's disability retirement claim from Solutia, Inc. between 1979 and 1986, to include any available medical records. 

Any attempts to obtain these records should be documented in the claims file. If any such records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession.

2. After any other appropriate development has been completed, the case should be reviewed on the basis of the additional evidence and readjudicated. If any benefit sought is not granted in full, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).